82,999-01

CAUSE NO. 1286119-A

EX PARTE,                          §        IN THE TEXAS COURT

ERICKSON, WILLIAM EDWARD,          §        OF CRIMINAL APPEALS,

(Applicant)                        §        AUSTIN, TEXAS

APPLICANT'S MOTION TO REMAND PROCEEDINGS BACK TO TRIAL COURT

TO CONDUCT PROCEEDINGS PURSUANT TO V.A.C.C.P. ART. 11.07, §3(d)

MOTION DENIED
DATE: 3-20-15
BY: PC

TO THE HONORABLE JUSTICES OF SAID COURT:

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 17 2015
Abel Acosta, Clerk

NOW COMES, WILLIAM E. ERICKSON, applicant, proceeding pro se in the above styled and numbered cause, respectfully asks this court to remand this habeas corpus case back to the trial court to conduct a fact-finding hearing pursuant to V.A.C.C.P. art. 11.07, §3(d), whereas, there are still controverted, previously unresolved facts material to the legality of the applicant's confinement, which requires such a hearing to resolve his claims of ineffective assistance of trial and/or appellate counsel.

In support thereof, applicant would show the court the following:

I.

1. Applicant filed his Application for Writ of Habeas Corpus on January 22, 2015, raising the following claims of ineffective assistance of counsel:

a. Trial Counsel failed to object to inadmissible and prejudicial victim impact testimonies/evidence;

1.

b. Trial Counsel failed to preserve error by failing to object to court sentencing applicant in absence of a complete, statutorily required (PSI) report;

c. Trial Counsel failed to object to Judge's predetermination of applicant's life sentence prior to punishment;

d. Trial Counsel failed to conduct an adequate investigation into the facts of the case for guilt-innocence and/or punishment purposes; and

e. Appellate Counsel failed to file a Motion for New Trial raising the above stated ineffective assistance of counsel claims. See: (Trial Court Cause No. 1286119-A, 179th District Court, Harris County, Texas)

2. The State filed its Original Answer on February 11, 2015, alleging there were no contraverted, previously unresolved facts material to the legality of applicant's confinement;

3. On February 15, 2015, the trial court, adopted the State's Proposed Findings of Fact and Conclusions of Law and recommended relief be denied, without conducting any fact finding procedures pursuant to V.A.C.C.P. art. 11.07, §3(D);

4. PRIOR TO FILING APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS, APPLICANT PROVIDED HIS TRIAL ATTORNEY, MR. RICK GONZALEZ, WITH QUESTIONS PRETAINING TO APPLICANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS. However, counsel failed to answer any questions or respond to applicant's allegations. See: (EXHIBIT-A)

2.

5. The Texas Court of Criminal Appeals in THOMPSON V. STATE, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999), emphasived that a claim of ineffective assistance of counsel must be supported by a record containing direct evidence as to why counsel took the actions or made the omissions relied upon as the basis for the claim(s).

6. While there may be some actions that unquestionably fall outside the spectrum of objectively reasonable trial strategy, generally, a defendant will have to offer evidence from his attorney explaining his actions in order to overcome the presumption that counsel acted pursuant to a reasonable trial strategy. See: GARCIA V. STATE, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001).

7. Due to applicant's indigent status and incarceration, he is unable to personally interview his trial and/or appellate attorneys, to obtain reasons for his actions and/or omissions, nor does applicant have means of obtaining an attorney or investigator for this purpose.

8. In order of obtaining counsel's reasons for his actions and/or omissions, applicant has to rely upon the trial court ordering counsel to answer applicant's allegations of ineffective assistance of counsel pursuant to V.A.C.C.P. art. 11.07, §3(d).

## II.

WHEREFORE, PREMISES CONSIDERED, applicant prays this court remand this case back to the trial court to conduct proceedings pursuant to V.A.C.C.P. art. 11.07, §3(d), for the reasons stated herein.

Executed on this _MArch_ day of _11 th_ , 2015.

3.

## OATH

I, <u>WILLIAM E. ERICKSON</u>, do declare under the penalty of perjury that the facts stated herein my motion to remand is true and correct pursuant to Tex.Civ.Prac.Rem. Code, §132.001 - §132.003. Executed on this *MArch* day of *11th*, 2015.

*William E. Erickson*

William E. Erickson

## CERTIFICATE OF SERVICE

Service has been accomplished by sending a copy of this instrument to the following address: Sharon Y. Chu (Asst.Dist.Attny.)

1201 Franklin St.

Houston, Texas, 77002

*William E. Erickson*

William E. Erickson

3060 FM 3514 #1805402

Beaumont, Texas, 77705

# EXHIBIT

# A

WILLIAM ERICKSON

3060 FM 3514 #1805402

BEAUMONT, TEXAS, 77705

(            )

MR. RICK GONZALEZ (Attny at Law)

2008 RAINBOW DR.

HOUSTON, TEXAS, 77023

RE: **REQUESTING ANSWERS FOR HABEAS CORPUS INVESTIGATION:**

Dear Mr. Gonzalez; (Greetings)

   I am in process of conducting an investigation and evaluation
of some potential claims to be pursued on an art. 11.07, Writ
of Habeas Corpus, and I would like for you to answer the included
questions at your earliest convenience, or by the end of
__2 - 1 - 15__ , if possible. Thank you for your assistance
in this matter.

Best Regards;

*William E. Erickson*

WILLIAM ERICKSON

## **ATTORNEY QUESTIONS**

**A.** The Court of Appeals for the 14th District of Texas held
that you failed to preserve error, by failing to object to the
trial court sentencing me in the absence of a complete, statutorily
required PSI Report, whereas, the report excluded: **(1)** a proposed
client supervision plan, **(2)** a drug and alcohol evaluation,
and **(3)** a psychological evaluation. See: Cause No. 14-12-00767-CR.
See also: (RR.I, p.5)

1.

**QUESTION ONE:** Do you believe the PSI Report in my case should had contained a PROPOSED CLIENT SUPERVISION PLAN for the judge's review/determination of sentence? If not, please state your reason(s):

**QUESTION TWO:** In retrospect, do you believe you should had objected to the trial court sentencing me in the absence of a Proposed Client Supervision Plan in the PSI Report? If not, please state your reason(s) for not objecting:

**QUESTION THREE:** Do you believe the PSI Report in my case should had contained a DRUG and ALCOHOL EVALUATION Report for the judge's review/determination of sentence, since evidence existed that suggested drugs and/or alcohol may could had contributed to the commission of the alleged offense? If not, please state your reason(s):

**QUESTION FOUR:** In retrospect, do you believe you should had objected to the trial court sentencing me in the absence of a Drug and Alcohol Evaluation Report in the PSI Report based on the facts of this case? If not, please state your reason(s) for not objecting:

2.

**QUESTION FIVE:** Do you believe the PSI Report in my case should had contained a PSYCHOLOGICAL EVALUATION Report for the judge's review/determination of sentence? If not, please state your reason(s):

**QUESTION SIX:** In retrospect, do you believe you should had objected to the trial court sentencing me in the absence of a Psychological Evaluation Report in the PSI report, since evidence existed that I was diagnosed with **(1).** Attention-Deficit Hyperactivity Disorder, **(2).** Bipolar-Disorder, and **(3).** Panic Disorder with Agoraphobia? If not, please state your reason(s) for not objecting:

**B.** During the punishment phase, (PSI Hearing), the State called the following witnesses to provide Victim Impact Statements prior to the Court's sentence or pronouncement of sentence: 1. RONALD AINSWORTH, 2. ELIZABETH AINSWORTH, and 3. NICOLE HIDALGO

See: PSI Hearing, dated 8-22-12

**QUESTION ONE:** Do you believe the Trial Court erred by allowing these witnesses to provide their Victim Impact Statements in testimony form, PRIOR to the Court's sentence of me or pronouncement of sentence? If not, please state your reason(s):

3

**QUESTION TWO**: In retrospect, do you believe you should had objécted to the State's presentment of these witnesses Victim Impact Statements prior to the Court sentencing me, or pronouncing sentence? If not, please state your reason(s) for not objecting:

**C.** The record reveals that during the admittance of my guilty plea before the Honorable Randy Roll, on April 30, 2012, a "LIFE SENTENCE," with the initials R.R., was written on the guilty plea form. The Court of Appeals for the 14th District of Texas, in addressing this issue, held this issue was not objected too prior to sentencing, thus, was waived for appellate review. See: (C.O.A. No. 14-12-00767-CR)

**QUESTION ONE**: Do you believe the Honorable Randy Roll erred by making a notation of a predetermined "LIFE" sentence before a punishment hearing was conducted and evidence determined? If not, please state your reason(s):

**QUESTION TWO**: Do you believe that the hand writing of the "LIFE SENTENCE" notation matches the Hon. Randy Roll's signature on the same document? If not, please state your reason(s):

4

**QUESTION THREE:** In retrospect, do you believe you should had objected to the Honorable judge, Randy Roll, making a predetermined sentence of "LIFE" before the punishment hearing was conducted and evidence reviewed? If not, please state your reason(s) for not objecting:

D. Prior to advising me to plead guilty to the offense of murder, you were aware that each alleged eyewitness to the alleged offense provided police with a different version of events, and one witness, EUGENE HOLLAND, told police I shot Mr. Ricardo Hidalgo after Ricardo reached for his gun inside a table drawer.

**QUESTION ONE:** Do you believe I should had been made aware of the witnesses conflicting statements made to police prior to advising me to plead guilty to the murder charge and hope for mercy of the court? If not, please state your reasons I was not made aware of these exculpatory facts:

**QUESTION TWO:** Do you believe each eyewitness to the alleged offense should had been independently investigated and interviewed for defense purposes? If not, please state your reason(s) for not conducting an independent investigation and interview of each alleged eyewitness to the alleged offense:

E. Prior to the punishment phase, I requested several character witnesses to speak on my behalf (e.g. mother, wife, etc.), however, you advised me that a support letter written by each individual would be the best strategy for time purposes.

5.

**QUESTION ONE:** Do you believe you should have interviewed any of the character witnesses in which you received support letters from for defense purposes? If not, please state your reason(s) for not interviewing each character witness who provided a support letter on my behalf:

**QUESTION TWO:** Do you believe you should had conducted an investigation into my mental history, after discovering I had been admitted into two different mental health faculties due to my severe mental defects? If not, please state your reason(s) for not conducting an investigation into my mental health history:

**QUESTION THREE:** Do you believe that you should had requested the appointment of a mental health expert for evaluation purposes and defense purposes after learning of my mental health history through the support letters, jail doctors, and myself? if not, please state your reason(s) for not seeking and obtaining a mental health expert for evaluation and/or defense purposes:

Please be advised that each of the above questions needs to be answered under oath, sworn to/by a **NOTARY PUBLIC** of the State of Texas. I sincerely THANK YOU for your assistance in answering these vital questions.

Respectfully Submitted;

William Erickson
3060 FM 3514 #1805402
Beaumont, Texas, 77705                6.

CAUSE NO. 1286119-A

EX PARTE,                          §         IN THE TEXAS COURT

ERICKSON, WILLIAM EDWARD,          §         OF CRIMINAL APPEALS,

(Applicant)                        §         AUSTIN, TEXAS


APPLICANT'S MOTION TO REMAND PROCEEDINGS BACK TO TRIAL COURT

TO CONDUCT PROCEEDINGS PURSUANT TO V.A.C.C.P. ART. 11.07, §3(d)


TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES, WILLIAM E. ERICKSON, applicant, proceeding pro
se in the above styled and numbered cause, respectfully asks
this court to remand this habeas corpus case back to the trial
court to conduct a fact-finding hearing pursuant to V.A.C.C.P.
art. 11.07, §3(d), whereas, there are still controverted, previously
unresolved facts material to the legality of the applicant's
confinement, which requires such a hearing to resolve his claims
of ineffective assistance of trial and/or appellate counsel.

In support thereof, applicant would show the court the following:

I.

1. Applicant filed his Application for Writ of Habeas Corpus
on January 22, 2015, raising the following claims of ineffective
assistance of counsel:
a. Trial Counsel failed to object to inadmissible and prejudicial
victim impact testimonies/evidence;

1.

b. Trial Counsel failed to preserve error by failing to object to court sentencing applicant in absence of a complete, statutorily required (PSI) report;

c. Trial Counsel failed to object to Judge's predetermination of applicant's life sentence prior to punishment;

d. Trial Counsel failed to conduct an adequate investigation into the facts of the case for guilt-innocence and/or punishment purposes; and

e. Appellate Counsel failed to file a Motion for New Trial raising the above stated ineffective assistance of counsel claims. See: (Trial Court Cause No. 1286119-A, 179th District Court, Harris County, Texas)

2. The State filed its Original Answer on February 11, 2015, alleging there were no controverted, previously unresolved facts material to the legality of applicant's confinement;

3. On February 15, 2015, the trial court, adopted the State's Proposed Findings of Fact and Conclusions of Law and recommended relief be denied, without conducting any fact finding procedures pursuant to V.A.C.C.P. art. 11.07, §3(D);

4. PRIOR TO FILING APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS, APPLICANT PROVIDED HIS TRIAL ATTORNEY, MR. RICK GONZALEZ, WITH QUESTIONS PRETAINING TO APPLICANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS. However, counsel failed to answer any questions or respond to applicant's allegations. See: (EXHIBIT-A)

2.

5. The Texas Court of Criminal Appeals in THOMPSON V. STATE, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999), emphasized that a claim of ineffective assistance of counsel must be supported by a record containing direct evidence as to why counsel took the actions or made the omissions relied upon as the basis for the claim(s).

6. While there may be some actions that unquestionably fall outside the spectrum of objectively reasonable trial strategy, generally, a defendant will have to offer evidence from his attorney explaining his actions in order to overcome the presumption that counsel acted pursuant to a reasonable trial strategy. See: GARCIA V. STATE, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001).

7. Due to applicant's indigent status and incarceration, he is unable to personally interview his trial and/or appellate attorneys, to obtain reasons for his actions and/or omissions, nor does applicant have means of obtaining an attorney or investigator for this purpose.

8. In order of obtaining counsel's reasons for his actions and/or omissions, applicant has to rely upon the trial court ordering counsel to answer applicant's allegations of ineffective assistance of counsel pursuant to V.A.C.C.P. art. 11.07, §3(d).

II.

WHEREFORE, PREMISES CONSIDERED, applicant prays this court remand this case back to the trial court to conduct proceedings pursuant to V.A.C.C.P. art. 11.07, §3(d), for the reasons stated herein.

Executed on this *MArch* day of *11th*, 2015.

3.

## OATH

I, <u>WILLIAM E. ERICKSON</u>, do declare under the penalty of perjury that the facts stated herein my motion to remand is true and correct pursuant to Tex.Civ.Prac.Rem. Code, §132.001 - §132.003. Executed on this *MArch* day of *11 th*, 2015.

*William E. Erickson*

William E. Erickson

## CERTIFICATE OF SERVICE

Service has been accomplished by sending a copy of this instrument to the following address: Sharon Y. Chu (Asst.Dist.Attny.)

1201 Franklin St.

Houston, Texas, 77002

*William E. Erickson*

William E. Erickson

3060 FM 3514 #1805402

Beaumont, Texas, 77705

# EXHIBIT

# A

WILLIAM ERICKSON

3060 FM 3514 #1805402

BEAUMONT, TEXAS, 77705

(          )

MR. RICK GONZALEZ (Attny at Law)

2008 RAINBOW DR.

HOUSTON, TEXAS, 77023

RE: **REQUESTING ANSWERS FOR HABEAS CORPUS INVESTIGATION:**

Dear Mr. Gonzalez; (Greetings)

   I am in process of conducting an investigation and evaluation of some potential claims to be pursued on an art. 11.07, Writ of Habeas Corpus, and I would like for you to answer the included questions at your earliest convenience, or by the end of **2-1-15**, if possible. Thank you for your assistance in this matter.

Best Regards;

*William E. Erickson*

WILLIAM ERICKSON

### ATTORNEY QUESTIONS

A. The Court of Appeals for the 14th District of Texas held that you failed to preserve error, by failing to object to the trial court sentencing me in the absence of a complete, statutorily required PSI Report, whereas, the report excluded: (1) a proposed client supervision plan, (2) a drug and alcohol evaluation, and (3) a psychological evaluation. See: Cause No. 14-12-00767-CR. See also: (RR.I, p.5)

1.

**QUESTION ONE**: Do you believe the PSI Report in my case should had contained a PROPOSED CLIENT SUPERVISION PLAN for the judge's review/determination of sentence? If not, please state your reason(s):

**QUESTION TWO**: In retrospect, do you believe you should had objected to the trial court sentencing me in the absence of a Proposed Client Supervision Plan in the PSI Report? If not, please state your reason(s) for not objecting:

**QUESTION THREE**: Do you believe the PSI Report in my case should had contained a DRUG and ALCOHOL EVALUATION Report for the judge's review/determination of sentence, since evidence existed that suggested drugs and/or alcohol may could had contributed to the commission of the alleged offense? If not, please state your reason(s):

**QUESTION FOUR**: In retrospect, do you believe you should had objected to the trial court sentencing me in the absence of a Drug and Alcohol Evaluation Report in the PSI Report based on the facts of this case? If not, please state your reason(s) for not objecting:

2.

**QUESTION FIVE:** Do you believe the PSI Report in my case should had contained a PSYCHOLOGICAL EVALUATION Report for the judge's review/determination of sentence? If not, please state your reason(s):

**QUESTION SIX:** In retrospect, do you believe you should had objected to the trial court sentencing me in the absence of a Psychological Evaluation Report in the PSI report, since evidence existed that I was diagnosed with (1). Attention-Deficit Hyperactivity Disorder, (2). Bipolar-Disorder, and (3). Panic Disorder with Agoraphobia? If not, please state your reason(s) for not objecting:

B.   During the punishment phase, (PSI Hearing), the State called the following witnesses to provide Victim Impact Statements prior to the Court's sentence or pronouncement of sentence:
1. RONALD AINSWORTH, 2. ELIZABETH AINSWORTH, and 3. NICOLE HIDALGO

See: PSI Hearing, dated 8-22-12

**QUESTION ONE:** Do you believe the Trial Court erred by allowing these witnesses to provide their Victim Impact Statements in testimony form, PRIOR to the Court's sentence of me or pronouncement of sentence? If not, please state your reason(s):

3

**QUESTION TWO**: In retrospect, do you believe you should had objected to the State's presentment of these witnesses Victim Impact Statements prior to the Court sentencing me, or pronouncing sentence? If not, please state your reason(s) for not objecting:




C.  The record reveals that during the admittance of my guilty plea before the Honorable Randy Roll, on April 30, 2012, a "LIFE SENTENCE," with the initials R.R., was written on the guilty plea form. The Court of Appeals for the 14th District of Texas, in addressing this issue, held this issue was not objected too prior to sentencing, thus, was waived for appellate review. See: (C.O.A. No. 14-12-00767-CR)

**QUESTION ONE**: Do you believe the Honorable Randy Roll erred by making a notation of a predetermined "LIFE" sentence before a punishment hearing was conducted and evidence determined? If not, please state your reason(s):




**QUESTION TWO**: Do you believe that the hand writing of the "LIFE SENTENCE" notation matches the Hon. Randy Roll's signature on the same document? If not, please state your reason(s):

4

**QUESTION THREE:** In retrospect, do you believe you should had objected to the Honorable judge, Randy Roll, making a predetermined sentence of "LIFE" before the punishment hearing was conducted and evidence reviewed? If not, please state your reason(s) for not objecting:

D. Prior to advising me to plead guilty to the offense of murder, you were aware that each alleged eyewitness to the alleged offense provided police with a different version of events, and one witness, EUGENE HOLLAND, told police I shot Mr. Ricardo Hidalgo after Ricardo reached for his gun inside a table drawer.

**QUESTION ONE:** Do you believe I should had been made aware of the witnesses conflicting statements made to police prior to advising me to plead guilty to the murder charge and hope for mercy of the court? If not, please state your reasons I was not made aware of these exculpatory facts:

**QUESTION TWO:** Do you believe each eyewitness to the alleged offense should had been independently investigated and interviewed for defense purposes? If not, please state your reason(s) for not conducting an independent investigation and interview of each alleged eyewitness to the alleged offense:

E. Prior to the punishment phase, I requested several character witnesses to speak on my behalf (e.g. mother, wife, etc.), however, you advised me that a support letter written by each individual would be the best strategy for time purposes.

5.

**QUESTION ONE:** Do you believe you should have interviewed any of the character witnesses in which you received support letters from for defense purposes? If not, please state your reason(s) for not interviewing each character witness who provided a support letter on my behalf:

**QUESTION TWO:** Do you believe you should had conducted an investigation into my mental history, after discovering I had been admitted into two different mental health faculties due to my severe mental defects? If not, please state your reason(s) for not conducting an investigation into my mental health history:

**QUESTION THREE:** Do you believe that you should had requested the appointment of a mental health expert for evaluation purposes and defense purposes after learning of my mental health history through the support letters, jail doctors, and myself? if not, please state your reason(s) for not seeking and obtaining a mental health expert for evaluation and/or defense purposes:

Please be advised that each of the above questions needs to be answered under oath, sworn to/by a **NOTARY PUBLIC** of the State of Texas. I sincerely THANK YOU for your assistance in answering these vital questions.

Respectfully Submitted;

*William E. Erickson*

William Erickson ,
3060 FM 3514 #1805402
Beaumont, Texas, 77705        6.

CAUSE NO. 1286119-A

| | | |
|---|---|---|
| EX PARTE, | § | IN THE TEXAS COURT |
| ERICKSON, WILLIAM EDWARD, | § | OF CRIMINAL APPEALS, |
| (Applicant) | § | AUSTIN, TEXAS |

APPLICANT'S MOTION TO REMAND PROCEEDINGS BACK TO TRIAL COURT
TO CONDUCT PROCEEDINGS PURSUANT TO V.A.C.C.P. ART. 11.07, §3(d)

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES, WILLIAM E. ERICKSON, applicant, proceeding pro se in the above styled and numbered cause, respectfully asks this court to remand this habeas corpus case back to the trial court to conduct a fact-finding hearing pursuant to V.A.C.C.P. art. 11.07, §3(d), whereas, there are still controverted, previously unresolved facts material to the legality of the applicant's confinement, which requires such a hearing to resolve his claims of ineffective assistance of trial and/or appellate counsel.

In support thereof, applicant would show the court the following:

I.

1. Applicant filed his Application for Writ of Habeas Corpus on January 22, 2015, raising the following claims of ineffective assistance of counsel:

a. Trial Counsel failed to object to inadmissible and prejudicial victim impact testimonies/evidence;

1.

b. Trial Counsel failed to preserve error by failing to object to court sentencing applicant in absence of a complete, statutorily required (PSI) report;

c. Trial Counsel failed to object to Judge's predetermination of applicant's life sentence prior to punishment;

d. Trial Counsel failed to conduct an adequate investigation into the facts of the case for guilt-innocence and/or punishment purposes; and

e. Appellate Counsel failed to file a Motion for New Trial raising the above stated ineffective assistance of counsel claims. See: (Trial Court Cause No. 1286119-A, 179th District Court, Harris County, Texas)

2. The State filed its Original Answer on February 11, 2015, alleging there were no contraverted, previously unresolved facts material to the legality of applicant's confinement;

3. On February 15, 2015, the trial court, adopted the State's Proposed Findings of Fact and Conclusions of Law and recommended relief be denied, without conducting any fact finding procedures pursuant to V.A.C.C.P. art. 11.07, §3(D);

4. PRIOR TO FILING APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS, APPLICANT PROVIDED HIS TRIAL ATTORNEY, MR. RICK GONZALEZ, WITH QUESTIONS PRETAINING TO APPLICANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS. However, counsel failed to answer any questions or respond to applicant's allegations. See: (EXHIBIT-A)

2.

5. The Texas Court of Criminal Appeals in THOMPSON V. STATE, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999), emphasized that a claim of ineffective assistance of counsel must be supported by a record containing direct evidence as to why counsel took the actions or made the omissions relied upon as the basis for the claim(s).

6. While there may be some actions that unquestionably fall outside the spectrum of objectively reasonable trial strategy, generally, a defendant will have to offer evidence from his attorney explaining his actions in order to overcome the presumption that counsel acted pursuant to a reasonable trial strategy. See: GARCIA V. STATE, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001).

7. Due to applicant's indigent status and incarceration, he is unable to personally interview his trial and/or appellate attorneys, to obtain reasons for his actions and/or omissions, nor does applicant have means of obtaining an attorney or investigator for this purpose.

8. In order of obtaining counsel's reasons for his actions and/or omissions, applicant has to rely upon the trial court ordering counsel to answer applicant's allegations of ineffective assistance of counsel pursuant to V.A.C.C.P. art. 11.07, §3(d).

II.

WHEREFORE, PREMISES CONSIDERED, applicant prays this court remand this case back to the trial court to conduct proceedings pursuant to V.A.C.C.P. art. 11.07, §3(d), for the reasons stated herein.

Executed on this _MArch_ day of _11th_, 2015.

3.

## OATH

I, WILLIAM E. ERICKSON, do declare under the penalty of perjury that the facts stated herein my motion to remand is true and correct pursuant to Tex.Civ.Prac.Rem. Code, §132.001 - §132.003. Executed on this _MArch_ day of _11th_, 2015.

_William E. Erickson_

William E. Erickson

## CERTIFICATE OF SERVICE

Service has been accomplished by sending a copy of this instrument to the following address: Sharon Y. Chu (Asst.Dist.Attny.)

1201 Franklin St.

Houston, Texas, 77002

_William E. Erickson_

William E. Erickson

3060 FM 3514 #1805402

Beaumont, Texas, 77705

4.

# EXHIBIT

# A

WILLIAM ERICKSON

3060 FM 3514 #1805402

BEAUMONT, TEXAS, 77705

(          )


MR. RICK GONZALEZ (Attny at Law)

2008 RAINBOW DR.

HOUSTON, TEXAS, 77023


RE: <u>REQUESTING ANSWERS FOR HABEAS CORPUS INVESTIGATION</u>:


Dear Mr. Gonzalez; (Greetings)

    I am in process of conducting an investigation and evaluation
of some potential claims to be pursued on an art. 11.07, Writ
of Habeas Corpus, and I would like for you to answer the included
questions at your earliest convenience, or by the end of
___2-1-15___ , if possible. Thank you for your assistance
in this matter.


Best Regards;

*William E. Erickson*

WILLIAM ERICKSON


<u>ATTORNEY QUESTIONS</u>


A. The Court of Appeals for the 14th District of Texas held
that you failed to preserve error, by failing to object to the
trial court sentencing me in the absence of a complete, statutorily
required PSI Report, whereas, the report excluded: (1) a proposed
client supervision plan, (2) a drug and alcohol evaluation,
and (3) a psychological evaluation. See: Cause No. 14-12-00767-CR.
See also: (RR.I, p.5)


1.

**QUESTION ONE:** Do you believe the PSI Report in my case should had contained a PROPOSED CLIENT SUPERVISION PLAN for the judge's review/determination of sentence? If not, please state your reason(s):

**QUESTION TWO:** In retrospect, do you believe you should had objected to the trial court sentencing me in the absence of a Proposed Client Supervision Plan in the PSI Report? If not, please state your reason(s) for not objecting:

**QUESTION THREE:** Do you believe the PSI Report in my case should had contained a DRUG and ALCOHOL EVALUATION Report for the judge's review/determination of sentence, since evidence existed that suggested drugs and/or alcohol may could had contributed to the commission of the alleged offense? If not, please state your reason(s):

**QUESTION FOUR:** In retrospect, do you believe you should had objected to the trial court sentencing me in the absence of a Drug and Alcohol Evaluation Report in the PSI Report based on the facts of this case? If not, please state your reason(s) for not objecting:

2.

**QUESTION FIVE:** Do you believe the PSI Report in my case should had contained a PSYCHOLOGICAL EVALUATION Report for the judge's review/determination of sentence? If not, please state your reason(s):

**QUESTION SIX:** In retrospect, do you believe you should had objected to the trial court sentencing me in the absence of a Psychological Evaluation Report in the PSI report, since evidence existed that I was diagnosed with (1). Attention-Deficit Hyperactivity Disorder, (2). Bipolar-Disorder, and (3). Panic Disorder with Agoraphobia? If not, please state your reason(s) for not objecting:

B.   During the punishment phase, (PSI Hearing), the State called the following witnesses to provide Victim Impact Statements prior to the Court's sentence or pronouncement of sentence: 1. RONALD AINSWORTH, 2. ELIZABETH AINSWORTH, and 3. NICOLE HIDALGO

See: PSI Hearing, dated 8-22-12

**QUESTION ONE:** Do you believe the Trial Court erred by allowing these witnesses to provide their Victim Impact Statements in testimony form, PRIOR to the Court's sentence of me or pronouncement of sentence? If not, please state your reason(s):

3

**QUESTION TWO:** In retrospect, do you believe you should had objécted to the State's presentment of these witnesses Victim Impact Statements prior to the Court sentencing me, or pronouncing sentence? If not, please state your reason(s) for not objecting:

C. The record reveals that during the admittance of my guilty plea before the Honorable Randy Roll, on April 30, 2012, a "LIFE SENTENCE," with the initials R.R., was written on the guilty plea form. The Court of Appeals for the 14th District of Texas, in addressing this issue, held this issue was not objected too prior to sentencing, thus, was waived for appellate review. See: (C.O.A. No. 14-12-00767-CR)

**QUESTION ONE:** Do you believe the Honorable Randy Roll erred by making a notation of a predetermined "LIFE" sentence before a punishment hearing was conducted and evidence determined? If not, please state your reason(s):

**QUESTION TWO:** Do you believe that the hand writing of the "LIFE SENTENCE" notation matches the Hon. Randy Roll's signature on the same document? If not, please state your reason(s):

4

**QUESTION THREE:** In retrospect, do you believe you should had objected to the Honorable judge, Randy Roll, making a predetermined sentence of "LIFE" before the punishment hearing was conducted and evidence reviewed? If not, please state your reason(s) for not objecting:

D. Prior to advising me to plead guilty to the offense of murder, you were aware that each alleged eyewitness to the alleged offense provided police with a different version of events, and one witness, EUGENE HOLLAND, told police I shot Mr. Ricardo Hidalgo after Ricardo reached for his gun inside a table drawer.

**QUESTION ONE:** Do you believe I should had been made aware of the witnesses conflicting statements made to police prior to advising me to plead guilty to the murder charge and hope for mercy of the court? If not, please state your reasons I was not made aware of these exculpatory facts:

**QUESTION TWO:** Do you believe each eyewitness to the alleged offense should had been independently investigated and interviewed for defense purposes? If not, please state your reason(s) for not conducting an independent investigation and interview of each alleged eyewitness to the alleged offense:

E. Prior to the punishment phase, I requested several character witnesses to speak on my behalf (e.g. mother, wife, etc.), however, you advised me that a support letter written by each individual would be the best strategy for time purposes.

5.

**QUESTION ONE:** Do you believe you should have interviewed any of the character witnesses in which you received support letters from for defense purposes? If not, please state your reason(s) for not interviewing each character witness who provided a support letter on my behalf:

**QUESTION TWO:** Do you believe you should had conducted an investigation into my mental history, after discovering I had been admitted into two different mental health faculties due to my severe mental defects? If not, please state your reason(s) for not conducting an investigation into my mental health history:

**QUESTION THREE:** Do you believe that you should had requested the appointment of a mental health expert for evaluation purposes and defense purposes after learning of my mental health history through the support letters, jail doctors, and myself? if not, please state your reason(s) for not seeking and obtaining a mental health expert for evaluation and/or defense purposes:

Please be advised that each of the above questions needs to be answered under oath, sworn to/by a **NOTARY PUBLIC** of the State of Texas. I sincerely THANK YOU for your assistance in answering these vital questions.

Respectfully Submitted;

William Erickson ,
3060 FM 3514 #1805402
Beaumont, Texas, 77705          6.